IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| LEONARD G. ALLEN, | : | |
| | : | |
| Claimant | : | |
| | : | |
| v. | : | CASE NO. 3:11-CV-92-CAR-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |
| _____ | | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for supplemental security income and disability insurance benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a

preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

I. **Whether the ALJ erred in failing to ask a complete hypothetical to the Vocational Expert.**

II. **Whether the Appeals Council erred in failing to remand the claim after new and material evidence supporting his mental impairment was submitted.**

### Administrative Proceedings

Claimant applied for disability benefits on September 12, 2008, alleging disability as of March 15, 2007, due to hallucinations, hearing voices and depression. (Tr. 188; ECF No. 9.) Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a hearing on September 14, 2010, and following the hearing, the ALJ issued an unfavorable decision on November 1, 2010. (Tr. 12-22.) The Appeals Council ultimately denied Claimant's Request for Review on May 16, 2011. (Tr. 1-4.) This appeal followed.

### Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since March 15, 2007. (Tr. 17.) The ALJ then found that Claimant had depression, borderline intellectual functioning, and alcohol abuse, which he determined to be severe. (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20

C.F.R. Part 404, Subpart P, Appendix 1.  (*Id*.)  The ALJ next found that Claimant had the residual functional capacity (RFC) to perform work at all levels but could not have direct interaction with the public, and could only work simple tasks with simple instructions.  (Tr. 18-19.)  The ALJ determined that Claimant could not perform his past relevant work, but that there were jobs that existed in significant numbers in the national economy that he could perform.  (Tr. 21.)  Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

**I.     Whether the ALJ erred in failing to ask a complete hypothetical to the Vocational Expert.**

Claimant first argues that the ALJ erred by failing to compose a complete hypothetical question to the Vocational Expert ("VE").  (Cl.'s Br. 10, ECF No. 10.)  It is the law of this circuit that hypothetical questions posed to a vocational expert must contain adequate assumptions or the answers given cannot constitute substantial evidence of ability to engage in substantial gainful activity.  *Stubbs v. Mathews*, 544 F.2d 1251, 1256-57 (5th Cir. 1977); s*ee also Freeman v. Schweiker*, 681 F.2d 727, 730 (11th Cir. 1982).  In order for a vocational expert's testimony in response to this question to constitute substantial evidence on which the ALJ may rely, the question must comprise all of the claimant's impairments. *Wilson v.* Barnhart, 284 F.3d 1219, 1227 (11th. Cir. 2002); *Vega v. Comm'r of Soc. Sec.,* 265 F.3d 1214, 1220 (11th Cir.2001).  The ALJ is not required to include in the question claims of impairment that he has found unsupported. *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1161 (11th Cir.2004).

In support of his contention, Claimant cites *Winschel v. Comm'r of Soc. Sec.* which held that "[b]ecause the ALJ asked the vocational expert a hypothetical question that failed to include or otherwise implicitly account for all of [Claimant's] impairments, the vocational expert's testimony is not "substantial evidence" and cannot support the ALJ's conclusion that [Claimant] could perform significant numbers of jobs in the national economy." *Winschel*, 631 F.3d 1176, 1181 (11th Cir. 2011).

*Winschel*, however, did not hold that the ALJ must, in every circumstance, specifically include the step two findings regarding limitations imposed by a claimant's mental impairments in his hypothetical question to the VE. In fact, the Court found that:

> In this case, the ALJ determined at step two that Winschel's mental impairments caused a moderate limitation in maintaining concentration, persistence, and pace. But the ALJ did not indicate that medical evidence suggested Winschel's ability to work was unaffected by this limitation, **nor** did he otherwise implicitly account for the limitation in the hypothetical. Consequently, the ALJ should have explicitly included the limitation in his hypothetical question to the vocational expert.

*Id.* at 1180 (emphasis added).  Furthermore, in relying on *Winschel,* the Court has ruled that:

> [A]n ALJ's hypothetical restricting the claimant to simple and routine tasks adequately accounts for restrictions related to concentration, persistence and pace where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite concentration deficiencies. *See Winschel,* 631 F.3d at 1181 ("[W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations.").

*Jarrett v. Comm'r of Soc. Sec.,* 422 F. App'x 869, 872 (11th Cir. 2011.)

In this case, Claimant contends that the ALJ found at step two that he had moderate limitations in social functioning and concentration, persistence, and pace, but failed to incorporate those findings into the hypothetical question posed to the VE. (Cl.'s Br. 10.) At the hearing, after questioning Claimant regarding the medical evidence provided, the ALJ asked the VE what jobs would be available for a hypothetical individual of Claimant's age, education and work experience who was "limited to those jobs involving simple tasks, simple instructions, and this job could not include direct interaction with the public?" (Tr. 48). Claimant argues that the ALJ's failure to specifically include the moderate limitations in social functioning and concentration, persistence, and pace in the hypothetical, is reversible error. It is clear, however, based on the holdings in *Winschel* and *Jarrett* that the ALJ did not err. He accounted for the mental limitations he found by limiting Claimant to simple tasks with simple instructions, and incorporated those findings into the hypothetical question asked of the VE. Thus, no error is found.

II. **Whether the Appeals Council erred in failing to remand the claim after new and material evidence supporting his mental impairment was submitted.**

Claimant next argues that he submitted additional evidence supporting his mental impairment after the hearing, but that the Appeals Council erroneously failed to remand the case to the ALJ for further review. (Cl.'s Br. 14.) Specifically, Claimant contends that school records he submitted following the hearing which he claimed showed that he

7

met Listing 12.05(C) was new and material evidence requiring the Appeals Council to remand the case to the ALJ.

The Regulations state that the Appeals Council will review an ALJ's decision only when it determines, after examination of the entire record including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. *Id.* In the case at bar, the Appeals Council received the new evidence but determined after review of the evidence that it would not alter the final decision of the ALJ. (Tr. 1-3.)

When the Appeals Council has denied review of new evidence properly presented, a reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. *Ingram v. Comm'r. of Soc. Sec. Admin.*, 496 F.3d 1253, 1262, 1266-67 (11th Cir. 2007). If denial of benefits is erroneous, the decision of the Appeals Council is subject to modification, reversal or remand pursuant to sentence four of 42 U.S.C. § 405(g). (*Id.*) In this case, because new evidence was properly presented to the Appeals Council, consideration under sentence four is appropriate. Under sentence four of § 405(g), the district court must generally "consider evidence not submitted to the administrative law judge but considered by the Appeals Council when that court reviews the Commissioner's final decision denying Social Security benefits." *Id.* at 1257-58.

Here, the Appeals Council accepted new evidence in the form of Claimant's Appeal Brief and Franklin County Board of Education school records for Claimant. (Tr. 4.) The Appeals Council "considered the reasons [Claimant] disagree[d] with the decision" and found that the additional evidence did not provide a reason to change the ALJ's decision. (Tr. 2.) A review of that evidence fails to show that the ALJ's decision would have changed if he were to have reviewed the evidence.

In this case, the records submitted by Claimant (Tr. 504-514), as noted by the Commissioner, are almost all duplicates of school records with regard to his mental impairment that had previously been submitted to the ALJ at Exhibit 1E. (Tr. 146-155.) Although three of the newly submitted pages are not duplicates (Tr. 515-517), they appear to merely be a testing report, a personal data form, and a report card from the Franklin High School year 1981-82. The Eleventh Circuit, in reviewing a similar case, held that remand is not necessary when the newly submitted evidence is based on records already reviewed by the ALJ. *Hoffman v. Astrue*, 258 F. App'x 213, 220 (11th Cir. 2007).

It is clear that none of the newly submitted evidence indicated that Claimant's impairments had worsened, nor did the evidence establish a likelihood that the ALJ would have reached a different result. Thus, no error is found with the Appeals Council's decision not to remand this case to the ALJ for further review of the newly submitted evidence.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 14th day of February, 2012.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE